UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS A. GONZALEZ and SONIA V. GONZALEZ,<br><br>            Plaintiffs,<br><br>    v.<br><br>The United States,<br><br>            Defendant. | Civil Action No.<br>3:13 - CV - 650 (CSH)<br><br><br>JULY 29, 2014 |

## ORDER OF DISMISSAL

**HAIGHT, Senior District Judge**:

### I. INTRODUCTION

On May 6, 2013, *pro se* Plaintiffs Louis A. Gonzalez and Sonia V. Gonzalez ("Plaintiffs") filed their "Tort Claims Complaint" against the United States in this action. Upon analyzing the Complaint and court record in this case, the Court finds that the Complaint is properly subject to dismissal on three grounds. First, Plaintiffs have failed to make proper service of the summons and Complaint upon defendant United States ("Defendant"). Second, Plaintiffs have failed to prosecute this action for more than six months, constituting grounds for involuntary dismissal. *See* Fed. R. Civ. P. 41 (b); D. Conn. L. Civ. R. 41(a). Lastly, even if proper service were effected by Plaintiffs and/or Plaintiffs were given the opportunity to amend with additional allegations, their Complaint would still be fatally defective because it fails to set forth any claims upon which relief may be granted in that it contains only legal impossibilities.

## II.  DISCUSSION

A.  **Lack of Proper Service**

On May 6, 2013, Plaintiffs filed their "Tort Claims Complaint" against the United States. *See* Doc. 1. More than fourteen months have elapsed and Plaintiffs have failed to either serve their Complaint and summons upon the Defendant or to provide "good cause" for said failure to serve.

Pursuant to Rule 4(c)(1), Fed. R. Civ. P., the party initiating an action "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," – *i.e.*, "within 120 days after the complaint is filed." Moreover, "[i]f a defendant is not served within [those] 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

When the United States is a party to an action, the plaintiff has specific obligations with respect to proper service. *See* Fed. R. Civ. P. 4(i)(1)(A)-(C).[1] *See also* D. Conn. L. Civ. R. 4(b)

---

[1]  In particular, Rule 4(i)(1), captioned "Serving the United States and Its Agencies, Corporations, Officers, or Employees," mandates that "[t]o serve the United States," a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

("Each party filing a new complaint, third-party complaint or amended complaint, shall file sufficient copies of the complaint to supply one (original impression) for the Court, . . . and five for the United States or an officer or agency thereof, if a party."); *id*. 5(d) ("Except for cases subject to the Electronic Filing Policies and Procedures, in cases in which the United States is a party, three copies of each pleading or other paper filed shall be served upon the United States Attorney or his or her designee in addition to the copies of the summons and complaint required by Rule 4(i), Fed. R. Civ. P.").

As set forth *supra*, more than 120 days have expired without service of the Complaint and summons upon the Defendant. Absent such service, this Court lacks jurisdiction over the United States as a party. In such circumstances, "[a]bsent proper service and personal jurisdiction, the court would normally dismiss the complaint," *Funches v. Conn. Dep't of Pub. Health*, No. 3:08–CV–1714 (RNC), 2010 WL 122445, at *1 (D.Conn. Jan. 7, 2010). *See also* Fed. R. Civ. P. 4(m) (court must dismiss without prejudice or order service after 120 days); *Eiden v. McCarthy*, 531 F.Supp. 2d 333, 343 (D.Conn. 2008) ("A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service.") (citation omitted).

At this point, the Court would ordinarily grant Plaintiffs a brief additional period within which to effect proper service before dismissing the Complaint without prejudice. For the reasons set forth below, however, the Court finds that granting Plaintiffs additional time for service would be futile because their Complaint is fatally defective in that it sets forth "frivolous" claims which cannot be remedied by amendment. *See* Part II.C. herein.

---

Fed. R. Civ. P. 4(i)(1)(A)-(C).

B.     **Failure to Prosecute**

In addition to failure to effect service, the Plaintiffs in this action have failed to prosecute. Pursuant to the Federal Rule 41(b) of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these [R]ules . . . a defendant may move to dismiss the action or any claim against it" and such a dismissal ordinarily "operates as an adjudication on the merits." Similarly, under Local Rule 41(a) of Civil Procedure, "[i]n civil actions in which no action has been taken by the parties for six (6) months . . . , the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any." D. Conn. L. Civ. R. 41(a) ("Dismissal of Actions – For Failure to Prosecute"). "If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal." *Id.*

In the case at bar, the Plaintiffs have failed to take any action whatsoever since filing their Complaint on May 6, 2013. Doc. 1.  More than one year and two months have elapsed and Plaintiffs have failed to prosecute their action in any way.   Pursuant to both Rule 41(b), Fed. R. Civ. P., captioned "Involuntary Dismissal," and or Local Rule 41(a), D. Conn. L. Civ. R., upon notice to Plaintiffs, their action may be subject to dismissal for failure to prosecute.

Although the Court exercises leniency toward *pro se* litigants, affording them  "special solicitude," as directed by the Second Circuit, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (*per curiam*), *pro se* litigants are also expected to comply with the Federal Rules of Civil Procedure, *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988).  Specifically, "all litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir.1990).  Failure to follow the Federal Rules

may result in dismissal of a *pro se* plaintiff's pleadings or claims. *See, e.g. McNally v. O'Flynn*, No. 09-CV-621S(F), 2010 WL 891151, at *1- 2 (W.D.N.Y. Mar. 10, 2010) (declaring "[a]ll parties, including those proceeding *pro se*, are required to comply with the Federal Rules of Civil Procedure" and dismissing *pro se* Petitioner's motions for failure to follow Fed. R. Civ. P. 5(a)(1)(D) by failing to serve Respondent with said motions); *Baez v. Kennedy Child Study Center*, No. 11 Civ. 7635(JMF), 2013 WL 705913, at *1 (S.D.N.Y. Feb. 27, 2013) (dismissing *pro se* plaintiff's claims for failure to prosecute and holding that "[a] litigant's *pro se* status does not relieve her of her discovery obligations" under Fed. R. Civ P. 37) (collecting cases).

Here, Plaintiffs appear to have abandoned this action before the Court. Generally, the Court would grant Plaintiffs an additional twenty days to either prosecute or provide a "satisfactory explanation" for their failure to act before dismissing the Complaint. In the present circumstances, however, additional time would be of no use to Plaintiffs because their Complaint is subject to *sua sponte* dismissal in that it alleges exclusively frivolous, legally impossible, claims. *See* Part II.C., *infra*.

## C. Failure to State A Claim

Finally, Plaintiffs' "Tort Claims Complaint" is properly subject to dismissal at this time because it fails to state any claim upon which relief may be granted and, in fact, contains legal impossibilities. "In the Second Circuit, the district court has the authority to dismiss actions *sua sponte* in the rare case when it faces a truly frivolous suit." *Byars v. Malloy*, No. 3:11cv17 (SRU), 2011 WL 4538073, at *5 (D.Conn. Sept. 29, 2011) (citing *Abrams v. Sprizzo*, 201 F.3d 430, 1999 WL 1295815 (Table), at *1 (2d Cir. 1999)). *See also Leonhard v. United States*, 633 F.2d 599, 609

5

n. 11 (2d Cir.1980) ("[t]he district court has the power to dismiss a complaint *sua sponte* for failure to state a claim") (citing *Robins v. Rarback*, 325 F.2d 929[, 930] (2d Cir. 1963), *cert. denied*, 379 U.S. 974 (1965)); *Mallard v. U.S. District Court for Southern District of Iowa*, 490 U. S. 296, 307-08 (1989) (although in the context of *in forma pauperis* proceedings, a particular statute, 28 U.S.C. § 1915(d), "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision").

An action is frivolous as a matter of law when "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," when "the claim is 'based on an indisputably meritless legal theory,'" or when "a dispositive defense clearly exists on the face of the complaint."[2]  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990) (*per curiam*)).  Moreover, a Court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

The Second Circuit has repeatedly advised leniency in interpreting *pro se* litigant's complaints – reminding courts that "pro se litigants . . . cannot be expected to know all of the legal theories on which they might ultimately recover" so that "[i]t is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." *Phillips v.*

---

[2]  As Judge Underhill explained in *Byars*, 2011 WL 4538073, at *5 n. 2:

> By "frivolous[,]" the court does not mean to suggest that [Plaintiff] has not suffered harm, or that his . . . claims should not be treated with care and respect. Rather, this court only uses "frivolous" as a term of art applicable in this case because it is legally impossible for Plaintiff to obtain relief.

*Girdich*, 408 F.3d 124, 130 (2d Cir.2005).  A court must therefore allow its "imagination [to] be limited only by [the plaintiff]'s factual allegations, not by the legal claims set out in his pleadings." *Ford v. New Britain Trans. Co.*, Case No. 3:03cv150 (MRK), 2005 WL 1785269, at *1 (D.Conn. July 26, 2005) (quoting *Phillips*, 408 F.3d at 130).

"Importantly, however, the Court is not required to engage in 'rank speculations' in an effort to manufacture a federal claim for *pro se* plaintiffs, *Ford*, 2005 WL 1785269 at *5, and thus, a court may dismiss a complaint if it appears beyond doubt that no set of facts could be proven that would establish an entitlement to relief."  *Rzayeva v. United States*, 492 F.Supp.2d 60, 70 (D.Conn. 2007) (citing *Weixel v. Bd. of Educ. of New York*, 287 F.3d 138, 145–46 (2d Cir.2002)).  Moreover, *pro se* litigants "generally are required to inform themselves regarding procedural rules and to comply with them," *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995), and in particular, are obligated to  comply with the minimal standards of notice pleading under Rule 8, Fed. R. Civ. P. *See, e.g.*, *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief.") (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

The Second Circuit has held that in general,  a district court cannot dismiss a claim *sua sponte* unless the  plaintiff has been given notice of the court's intention to dismiss and the opportunity to respond. *See Perez v. Ortiz*, 849 F.2d 793, 797–98 (2d Cir.1988).  Providing notice and an opportunity to be heard generally ensures that "a litigant can continue to fight his case by, for example, amending his complaint or clarifying his legal theory," enabling him to "secure a just determination." *Byars*, 2011 WL 4538073, at *5 n.3 (quoting *Perez*, 849 F.2d  at 797).

However, the Second Circuit has also acknowledged that "*sua sponte* dismissals may be appropriate in some circumstances." *Perez*, 849 F.2d at 797 (citing, *inter alia, Leonhard*, 633 F.2d at 609 n. 11, *Robins*, 325 F.2d 929). *See also Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (noting that "[u]nless it is *unmistakably clear* that the court lacks jurisdiction, or *that the complaint lacks merit or is otherwise defective*," there must be notice) (emphasis added). Numerous courts, including this District, have thus properly dismissed actions *sua sponte* without notice where "further hearings and filings are unnecessary because the plaintiff seeks a legal impossibility." *Byars*, 2011 WL 4538073, at *5 n.3. *Accord Baker v. Director, U. S. Parole Comm'n*, 916 F.2d 725, 726-27 (D.C.Cir. 1990) (failure to "enforce a strict notice requirement with regard to *sua sponte* dismissals" is justified and "appropriate" where "the plaintiff has not advanced a shred of a valid claim" so that notice "can only lead to a waste of judicial resources"); *McKinney v. Oklahoma., Dept. Of Human Services, Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) ("Although the preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim, we agree with and adopt the reasoning of the D.C. Circuit [in *Baker*, 916 F.2d at 726-27] and hold that a *sua sponte* dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, . . . and allowing him an opportunity to amend his complaint would be futile.")

As in *Byars*, the case at bar "is the rare situation in which *sua sponte* dismissal without prior notice to the plaintiff is appropriate," 2011 WL 4538073, at *5 n.3   Plaintiffs' "Tort Claims Complaint" seeks only legal impossibilities and thus patently fails to state any valid claims. These legal impossibilities cannot be cured by further pleadings or proceedings. Plaintiffs herein seek recovery "[p]ursuant to [the] FTCA, alleging that Plaintiffs' claims "are arising out of

misrepresentation, deceit, and interference with contractual rights" and "arising out of Negligent federal conduct(s)" – including "Torts to land," "Tort product liabilities," "Other Fraud," and "Truth in lending." Doc. 1. The Complaint then summarily "request[s] all tort feasors to provide remedy and equitable relief & punitive damage [sic] in the sum of [$]168,000." *Id.* Plaintiffs cite solely as authority 28 U.S.C. § 2679(a), which pertains to the "exclusiveness of remedy" of 28 U.S.C. § 1346(b), the Federal Torts Claim Act ("FTCA").[3] No specific allegations, however, detail how the United States violated the FTCA.

"The Federal Tort Claims Act ["FTCA"] authorizes federal district courts to entertain civil actions against the government when compensation is sought (1) for injury to person or property, (2) caused by the negligence of a government employee acting within the scope of his office or employment, (3) in 'circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Winston v. United States*, 305 F.2d 253, 265 (2d Cir. 1962) (citing 28 U.S.C. § 1346(b)(1)), *aff'd sub nom., United States v. Muniz*, 374 U.S. 150 (1963). *See also Estate of Sanders v. United States*, 736 F.3d 430, 435 (5th Cir. 2013).

---

[3] 28 U.S.C. § 2679(a) provides:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

28 U.S.C. § 1346(b)(1) grants the district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

In the case at bar, Plaintiffs have provided no facts and simply concluded that the United States committed torts against them and their land. Plaintiffs then signed the Complaint as "Executor[s] To Trust, 54 Abbe Road, East Windsor, Connecticut." Taking judicial notice that in October of 2012, Plaintiffs brought an action in this Court regarding land at the same address of "54 Abbe Road, East Windsor, Connecticut," it appears that Plaintiffs once again seek recovery regarding the foreclosed mortgage on their real property located in East Windsor. *See Gonzalez v. Capital One Mortgage Corp.*, No. 3:12-cv-01470 (CSH).

The FTCA cannot, however, afford recovery to Plaintiffs with respect to the foreclosure on their mortgage in Connecticut. No fiduciary relationship exists between the United States, or its employees, and the Plaintiffs regarding their foreclosed mortgage.[4] *See, e.g., Pearson v. United States*, 905 F.Supp.2d 400, 404 (D.Mass. 2012) (under Connecticut law, Federal Deposit Insurance Corporation (FDIC), as receiver, owed no fiduciary duty with respect to foreclosure sales process for mortgagor's collateral property under Federal Tort Claims Act), *aff'd*, No. 13–1114, 2013 WL 6579000 (1st Cir. Oct. 2, 2013) ("district court properly held that it lacked subject matter jurisdiction over the claims of negligence because substantive state law provided no analogous private party liability for the alleged negligence at issue here").

Moreover, 28 U.S.C. § 2680(h) expressly precludes recovery under the FTCA, § 1346(b),

---

[4] The United States has no fiduciary relationship with Plaintiffs with respect to their mortgage on the East Windsor property. In fact, even "the relationship between mortgagor and mortgagee is generally not of a fiduciary character and neither is a trustee for the other." 59 C.J.S. Mortgages § 335 (Westlaw update June 2014). *See, e.g.*, *Southbridge Assoc., LLC v. Garofalo*, 53 Conn. App. 11, 19 (1999) ("A lender has the right to further its own interest in a mortgage transaction and is not under a duty to represent the customer's interest. Generally there exists no fiduciary relationship merely by virtue of a borrower lender relationship between a bank and its customer") (citations omitted), *cert. denied*, 249 Conn. 919 (1999).

on any claim arising out of, *inter alia*, "misrepresentation, deceit, or interference with contract rights."  Through that exception, the United States retained sovereign immunity with respect to said intentional torts  regarding economic or financial interests. *See  United States v. Neustadt*, 366 U.S. 696, 711  (1961) (holding   claim  "'arising  out of' misrepresentation, within  the  meaning  of § 2680(h), . . . not actionable against the Government under Torts Claims Act"); *Guccione  v. United States,* 847 F.2d 1031, 1034 (2d Cir.1988) ("Section 2680(h) does not merely bar [the intentional torts stated in that section]; in sweeping language it excludes any claim *arising out of* [those claims].") (quoting *United States v. Shearer,* 473 U.S. 52, 55 (1985) (emphasis in original), *cert. denied*, 493 U.S. 1020 (1990).  *See also Mill Creek Group, Inc. v. F.D.I.C.,* 136 F.Supp.2d 36, 44-45 (D.Conn. 2001) (holding "FDIC's putative misrepresentation about the contents of [a] loan package . . . squarely within the reach of § 2680(h)" because "[t]he jurisdictional bar of § 2680(h) applies to any claim in which plaintiff alleges a breach of the duty to use care in obtaining and communicating information upon which plaintiff may reasonably be expected to rely in the conduct of his economic affairs") (citation and internal quotation marks omitted); *Jordan v. United States*, No. Civ. 3:04CV02079 (AVC), 2005 WL 3406514, at *4 (D.Conn. Dec. 12, 2005) ("One of the exceptions contained in the [Federal Tort Claims Act] is the 'intentional tort' exception," which "provides that immunity is not waived as to: . . . misrepresentation, deceit or interference with contract rights. . .") (quoting 28 U.S.C. § 2689(h)); *Sheridan v. United States*, 542 F.Supp. 1243, 1244-45 (E.D.N.Y. 1982) (noting that "these exceptions [for misrepresentation or deceit] have generally been applied" in commercial contexts – *i.e.*, to actions for damages "due to commercial decisions that were predicated on incorrect or incomplete information") (citations omitted).[5]

---

[5]   The Court further notes that, even if Plaintiffs had been  able  to state a valid claim against the United States under the FTCA, they have failed to allege or demonstrate that they have

Even interpreting Plaintiffs' allegations in their most favorable light, accepting them as true and allowing one's imagination to be limited only by said allegations, Plaintiffs fail to 'state [any] claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[6] Moreover, amendment of these allegations would be futile in that it appears beyond doubt that no set of facts could be proven that would establish Plaintiffs' entitlement to tort relief under the FTCA.[7]

Lastly, if, as the Court deduces, Plaintiffs once again seek recovery regarding their foreclosed

---

met the strict prerequisite to an FTCA claim – filing an administrative claim with the appropriate agency. That exhaustion requirement is jurisdictional and cannot be waived. *See* 28 U.S.C. § 2675 (a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

[6] The Court must consider only well-pleaded factual allegations in the complaint. Argumentative or conclusory allegations are disregarded. When considering dismissal, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

[7] The Court further notes that Plaintiffs' allegations offer little assistance to the Court in that their Complaint patently fails to comply with the notice pleading requirements of Rule 8, Fed. R. Civ. P., which dictates that a complaint must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555), which is the kind of accusation Plaintiffs provide. Here "it is [again] pointedly clear that the complaint at bar runs afoul of Rule 8," and contains "vague and incomprehensible allegations." *Lonesome v. Lebefeff*, 141 F.R.D. 397, 398 (E.D.N.Y. 1992). In short, Plaintiffs' "factual contentions and legal theories are baseless, as well as entirely conclusory," *Abrams*, 1999 WL 1295815, at *1.

12

mortgage on their East Windsor property, there is an obvious dispositive defense to their action. Specifically, their suit is barred by the Rooker-Feldman doctrine in that Plaintiffs previously lost both in a state foreclosure action and a subsequent state action to obtain relief from their mortgage obligations and to avoid foreclosure.

mortgage on their East Windsor property, there is an obvious dispositive defense to their action. Specifically, their suit is barred by the Rooker-Feldman doctrine in that Plaintiffs previously lost both in a state foreclosure action and a subsequent state action to obtain relief from their mortgage obligations and to avoid foreclosure. *See Gonzalez v. Capital One Mortgage Corp.*, No. 3:12-cv-01470 (CSH), Doc. 37, p. 15-26 (describing Rooker-Feldman doctrine and its application to Plaintiffs' claims). Because it is legally impossible for Plaintiffs to obtain relief with the claims presented, their action must be dismissed by this Court as "frivolous" at law.[8]

### III. CONCLUSION

Plaintiffs have failed to serve the summons and Complaint upon the Defendant United States since the inception of this action on May 6, 2013. They have also otherwise failed to prosecute this action since that date. If those were their only failures, the Court would grant them additional time to cure said defects. However, their "Tort Claims Complaint" is not only vague and incomprehensible in its language, it is based on a patently meritless legal theory and wholly "frivolous," as that term is used with respect to legally impossible claims. Plaintiffs' attempt to set forth an FTCA claim, which is not possible at law under these circumstances. Moreover, they once again seek recovery with respect to their East Windsor property, asserting claims regarding foreclosed property for which they received unfavorable rulings in state court and which were

---

[8] Plaintiffs, who are frequent filers in this District, are cautioned that it is an abuse of the federal justice system to repeatedly re-file claims which have been dismissed with prejudice by the Court, in an attempt to revive them by couching them in other, in this instance abbreviated, language and bringing them against a new defendant. Here, despite the omission of underlying facts, Plaintiffs allege a "tort" by the Government with respect to "land" and "[t]ruth in lending," relating to the foreclosure of their mortgage on the East Windsor property. Future actions based on this foreclosed mortgage, which was adjudicated in state court, may result in Plaintiffs being barred from filing actions in this District without prior consent by the Court.

previously dismissed in federal court as, *inter alia*, barred by the Rooker-Feldman doctrine.  In sum, their present Complaint contains claims which are legally impossible, barred and/or nonviable.  In a word, their action is "frivolous."  Under these circumstances, it would be futile to allow further pleadings and/or hearings.  For the foregoing reasons, Plaintiffs' Complaint is hereby DISMISSED WITH PREJUDICE.  The Clerk is directed to close the file.

        It is SO ORDERED.

    Dated: New Haven, Connecticut
          July 29, 2014

                                                         /s/Charles S. Haight, Jr.
                                                        CHARLES S. HAIGHT, JR.
                                                        Senior United States District Judge